UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GLORIA FLANAGAN,

    Plaintiff(s),

v.

WALMART INC.,

    Defendant(s).

Case No.: 2:19-cv-01279-RFB-NJK

**Order**

[Docket No. 20]

Pending before the Court is Defendant's motion to extend the discovery cutoff and subsequent deadlines by 60 days, which was filed on an emergency basis. Docket No. 20.[1] Plaintiff filed a response in opposition. Docket No. 22. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

A request to extend the deadlines in the scheduling order must be supported by a showing of good cause, Local Rule 26-4, which turns on whether the subject deadline cannot reasonably be met through diligence, *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The need for the requested extension was caused by both parties. First, Defendant's showing of diligence is not a robust one given that Ms. Sanchez's status as a fact witness has been

---

[1] The motion references compelling deposition testimony, but no showing has been made that issuance of such an order is necessary or warranted at this juncture. The focus of the motion is on extending deadlines, which will also be the focus of this order.

1

documented for some time, including in the actual incident report.  The need for an extension might have been avoided by more active pursuit of this discovery by Defendant.  Second, the last-minute scramble to obtain the disputed deposition testimony stems, in part, from Plaintiff's late-disclosure of Ms. Sanchez's identity and address in supplemental disclosures.  *But see* Fed. R. Civ. P. 26(a)(1)(A)(i) (the address of witnesses must be included with initial disclosures).  Third, it appears that Defendant was attempting to coordinate the disputed depositions for the convenience of opposing counsel and the witnesses, which ultimately proved unsuccessful in the twilight of the discovery period.

These are assuredly not ideal circumstances,[2] but they suffice to allow for a 30-day extension of the discovery period.  The extended period applies only to the two depositions identified in the motion practice.

Accordingly, the motion to extend is **GRANTED** in part and **DENIED** in part.  Deadlines are **EXTENDED** as follows:

- Discovery cutoff:  April 6, 2020
- Dispositive motions:  May 5, 2020
- Joint proposed pretrial order:  June 4, 2020, or 30 days after resolution of dispositive motions

**NO FURTHER EXTENSIONS WILL BE GRANTED.**

IT IS SO ORDERED.

Dated: March 12, 2020

                                        Nancy J. Koppe
                                        United States Magistrate Judge

---

[2] The circumstances also do not justify seeking emergency relief from the Court.  *Cf. Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1143 (D. Nev. 2015).  As a courtesy to the parties and to move the case forward, however, the Court will resolve the motion in expedited fashion.